JOSHUA H. LERNER
CA Bar No. 220755
joshua.lerner@wilmerhale.com
WILMER CUTLER PICKERING
 HALE AND DORR LLP
One Front Street, Suite 3500
San Francisco, CA 94111
Telephone: (628) 235-1124

ARI HOLTZBLATT (*pro hac vice*)
ari.holtzblatt@wilmerhale.com
WILMER CUTLER PICKERING
 HALE AND DORR LLP
2100 Pennsylvania Avenue, NW
Washington, D.C. 20037
Telephone: (202) 663-6000

*Attorneys for Defendants*
*YouTube, LLC, Google LLC,*
*and Alphabet Inc.*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| MERCOLA.COM, LLC and Dr. JOSEPH MERCOLA,<br><br>          Plaintiffs,<br><br>     v.<br><br>YOUTUBE, LLC, GOOGLE LLC, and ALPHABET INC.,<br><br>          Defendants. | Case No.  3:22-cv-05567-LB<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFFS' REQUEST FOR LEAVE TO FILE A SUR-REPLY**<br><br>Hearing Date: May 18, 2023<br>Courtroom: Courtroom B<br>Time: 9:30 a.m.<br>Judge: Hon. Laurel Beeler |

1  Defendants file this short response in opposition to Plaintiffs' request for leave to file a sur-reply in opposition to Defendants' motion to dismiss.

On April 14, 2023, Mercola filed a request for leave to file a sur-reply to respond to one footnote in YouTube's Reply (Dkt. 29). Specifically, Mercola claims that he needs to file another brief because YouTube's Reply brief included a footnote providing a link to Mercola's BitChute account in order to provide a possible explanation for Mercola's failure to plead that he lost access to copies of his videos. Dkt. 30. Along with the request for leave to file a sur-reply, Mercola filed a declaration by the CEO of Mercola.com, Steven A. Rye, (herein, "Rye Declaration"), who claims that "[s]ince July 2019, Mercola uploaded some of the same video content to both BitChute and YouTube," Rye Decl. ¶7, and that Mercola saved copies of some of his YouTube videos to "external hard drives," Rye Decl. ¶8. Dkt. 30-1. He also claims that most of Mercola's YouTube content "has not been copied or migrated over to alternative websites." Rye Decl. ¶9.

YouTube does not oppose the filing of the Rye Declaration, which does nothing to cure Plaintiffs' inability to plead loss of access to his video content. But Mercola, having submitted the declaration to respond to the BitChute link, does not need a separate brief that would be duplicative and unfairly prejudice Defendants.

I.   **Mercola's Declaration Only Supports YouTube's Motion To Dismiss**

YouTube does not object to this Court's consideration of the Rye Declaration. The declaration only bolster's YouTube's Motion To Dismiss (Dkt. 25). Mercola claimed in his Opposition that he lost "access to the only currently known versions of Mercola's professional produced video content," Opp. 7 n.8, yet the Rye Declaration admits that copies of some of those videos existed on BitChute and "external hard drives," Rye Decl. ¶¶6-8. YouTube was therefore correct to point out that Mercola's failure to allege that he had no replacement copies for "15+ years of video content" stemmed from the fact that he still has access to some of that content. *See* Reply at 8 n.2.

Most importantly, the Rye Declaration in no way undermines YouTube's argument that the *complaint* failed to allege "any injury from being unable to download" his videos from the YouTube platform. As explained in YouTube's Reply, although Mercola now claims that he lost

access to the only known copies of his video content, "the complaint notably does not make that allegation. Rather it alleges only that 'Mercola was given no opportunity to move its 15+ years of video content," and that "YouTube … denied Mercola … any opportunity to remove its own content." Reply at 8 (quoting Compl. ¶¶30, 42); *see also* Compl. at ¶¶101, 113, 114 (failing to allege the nonexistence of other copies). Mercola cannot cure that pleading gap now with after-the-fact argumentation.

## II.   Mercola Is Not Entitled To Additional Briefing

Mercola is not entitled to an additional sur-reply. Local Rule 7-3(d)(1), which Mercola cites as the basis for his request for a sur-reply, states, "If new evidence has been submitted in the reply, the opposing party may file and serve an Objection to Reply Evidence, which may not exceed 5 pages of text, stating its objections to the new evidence, which may not include further argument on the motion." The rule requires that any such objection be filed not more than 7 days after the reply. *Id.* The Rye Declaration, filed 7 days after YouTube's reply, does just that. Mercola is therefore not entitled to additional briefing on this issue.

Furthermore, the Rye Declaration already "stat[es] its objections" to the BitChute link, the purportedly new evidence YouTube introduced on Reply. *See* L.R. 7-3(d)(1). YouTube explained in its Reply (p. 8 n.2) that the complaint may not have pleaded that Mercola has "no replacement copies" because "[a] cursory search of video-hosting sites like BitChute … brings up hundreds of videos … attributed to Mercola." The Rye Declaration attempts to rebut that evidence by claiming that "only a small fraction of the video content that once appeared on Plaintiffs' YouTube channel are now published on the [BitChute] account" and "saved on external hard drives." Rye Decl. ¶¶6-8. Local Rule 7-3(d) does not allow for anything more than this kind of rebuttal, as it expressly forbids a party from "includ[ing] further argument on the motion" in their response. A sur-reply is therefore unnecessary.

Furthermore, allowing Mercola to have another bite at the apple through a sur-reply would prejudice YouTube. Not only is a sur-reply duplicative, but allowing Plaintiffs an additional five pages of briefing to respond to a footnote in YouTube's Reply is disproportionate. And, as discussed, any additional rebuttal Mercola can offer regarding the BitChute link does nothing to

cure his threshold failure to plead the non-existence of replacement copies in the complaint.  *See supra* Part I.

This Court should thus deny Plaintiffs' request for leave to file a sur-reply.

Dated: April 18, 2023

/s/   *Joshua H. Lerner*
JOSHUA H. LERNER
CA Bar No. 220755
joshua.lerner@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
One Front Street, Suite 3500
San Francisco, CA 94111
Telephone: (628) 235-1124

ARI HOLTZBLATT (*pro hac vice*)
ari.holtzblatt@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2100 Pennsylvania Avenue, NW
Washington, D.C. 20037
Telephone: (202) 663-6000

***Attorneys for Defendants
YouTube, LLC, Google LLC, and
Alphabet Inc.***

## CERTIFICATE OF SERVICE

I hereby certify that on April 18, 2023, I electronically filed the above document with the Clerk of the Court using CM/ECF which will send electronic notification of such filing to all registered counsel.

Dated:   April 18, 2023              By:    /s/ *Joshua H. Lerner*
                                            JOSHUA H. LERNER